UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLARENCE PATTERSON,            :
    Plaintiff,            :
                              :          PRISONER
    v.                         :     CASE NO. 3:10-cv-1481(AWT)
                              :
DANIEL BANNISH, et al.,        :
    Defendants.           :

## RULING ON PENDING MOTIONS

The plaintiff has filed motions seeking an independent medical examination, a copy of a medical report, deposition by written questions, discovery materials and reconsideration of the dismissal of his claims against several defendants. The defendants have filed a motion seeking an emergency conference.

I. Motion for Reconsideration [Doc. #20]

On December 23, 2010, the court filed an Initial Review Order dismissing the claims against several defendants. On April 29, 2011, the plaintiff filed a motion seeking reconsideration of the dismissal of the claims against Drs. Litchenstein and Benoit.

A motion for reconsideration must be filed within fourteen days from the filing of the decision from which relief is sought. D. Conn. L. Civ. R. 7(c)1. Here, the plaintiff should have filed any motion for reconsideration by January 7, 2011. The plaintiff's motion is dated April 25, 2011. Thus, the motion was filed over three months too late. The motion for reconsideration

is denied as untimely filed.

Even if the motion were timely, it should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007). The plaintiff has not identified any law or facts that the court overlooked in the prior ruling. Rather, he is trying to reargue his claims.

In addition, to the extent that the plaintiff is arguing that the correctional policy he attaches to his motion is new evidence warranting reconsideration of the dismissals, the argument fails. Before the court will grant a motion for reconsideration based on newly discovered evidence, the plaintiff must show that he could not have discovered the new evidence earlier had he exercised due diligence. See Robinson v. Holland, No. 3:02CV1943(CFD), 2008 WL 1924972, at * 1 (D. Conn. Apr. 30, 2008). The plaintiff makes no such showing. The motion for reconsideration is denied.

II. <u>Motion to Compel [Doc. #19]</u>

The plaintiff asks the court to compel Roland Boutin, Mary Ellen Castro and Tracy Keel, none of whom are defendants in this case, to respond to requests he submitted to them pursuant to the Connecticut Freedom of Information Act. Castro informed the plaintiff that the Freedom of Information Act does not apply to personal health information and sent him forms to obtain the release of any of his medical/dental records. Boutin indicated that there were no public documents available under the Freedom of Information Act relating to the plaintiff's inquiry as to why root canal procedures were discontinued.

To the extent that the plaintiff's claim is that his right to information under the Freedom of Information Act was violated, his recourse is with the state Freedom of Information Commission. <u>See</u> Conn. Gen. Stat. § 1-205(d) (defining rights of the commission to investigate violations); <u>Department of Public Safety v. Freedom of Information Com'n</u>, 103 Conn. App. 571, 577, 930 A.2d 739, 745 (noting right to appeal when agency denies right to inspect or copy records), <u>cert denied</u>, 284 Conn. 930, 934 A.2d 245 (2007).

Rule 37, Fed. R. Civ. P., governs motions to compel cooperation in discovery. Even if the plaintiff had propounded his discovery requests pursuant to the Federal Rules of Civil Procedure, he has not complied with the federal and local rules.

3

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. The plaintiff has not complied with this requirement. Accordingly, the motion to compel is denied without prejudice.

III. Motions for Independent Doctor Examination [Docs. ##30, 35]

The plaintiff asks the court to order that he be examined by an independent dentist to ascertain whether various procedures were properly performed.

In his motion filed on May 26, 2011, he seeks confirmation of procedures performed on May 23, 2011. At that time, the dentist began a root canal procedure, but stopped mid-way. The dentist packed the plaintiff's tooth with medication and a temporary filling and told the plaintiff that he would complete the procedure in three weeks, after the medication cleared the infection. The plaintiff wanted an independent examination to verify that the medication was not a "rotting agent or chemical" or a virus, that would prevent the procedure from being completed. After this motion was filed, the root canal procedure

4

was completed. The motion is denied as moot.

In his motion filed on June 1, 2011, the plaintiff seeks a dental examination at the defendants' expense to support his claims of improper actions taken through April 2011. The motion is filed pursuant to Rule 35, Fed. R. Civ. P.

The plaintiff does not have the right to have the defendants pay for an examination he requests. Although plaintiff has been granted leave to proceed in forma pauperis in this case, the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize payment of discovery expenses by the defendants. See Benitez v . Choinski, No. 3:05cv633(JCH)(HBF), 2006 WL 276975, at *2 (D. Conn. Feb. 2, 2006) (holding that inmate proceeding in forma pauperis is not entitled to have discovery expenses paid by the court or the defendants)(citing cases). The plaintiff's motion for examination is denied.

IV. Motion for Copy of Examination Report [Doc. #31]

The plaintiff seeks a copy of the report generated by Dr. Safavi on May 23, 2011. The defendants provided the plaintiff a copy of the report with their objection to his motion. Accordingly, the motion is denied as moot.

V. Motions for Deposition by Written Questions [Docs. ##36-39]

The plaintiff has filed four motions seeking to depose four persons by written questions.

A deposition by written question requires that the deponent appear before an officer who asks the deponent the questions and

records his answers. The officer then prepares and certifies the deposition and sends it to the party who requested the deposition. Fed. R. Civ. P. 31(b). The notice of deposition must identify the person before whom the deposition will be taken. Fed. R. Civ. P. 31(a)(3) & 28.

The plaintiff does not identify a person before whom the depositions would be taken. From his motions, he appears to believe that a deposition by written question is no different from a request for interrogatories, that each deponent will respond to the questions in writing and return them to the plaintiff. This is incorrect. Absent assurance that the deposition will be conducted in accordance with the Federal Rules of Civil Procedure, the plaintiff's motions are denied without prejudice.

In addition, the court notes that the many of the deposition questions included in the motions are not questions but statements or conclusions accompanied by a request for the deponent to justify the perceived misconduct. Any renewed motion should include proper questions.

VI. Motion for Emergency Conference [Doc. #33]

On June 1, 2011, the defendants sought an emergency status conference. A telephonic status conference was held on June 6, 2011. The defendants' motion is denied as moot.

VII. Conclusion

The plaintiff's motion for reconsideration [**Doc. #20**] is

6

**DENIED** as untimely filed.  The plaintiff's motion to compel [**Doc. #19**] is **DENIED** without prejudice.  The plaintiff's motion for a copy of the examination report [**Doc. #31**] is **DENIED** as moot.  The plaintiff's motion for independent dental examination [**Doc. #30**] is **DENIED** as moot and his motion for the defendants to pay for an independent dental examination [**Doc. #35**] is **DENIED**.  The plaintiff's motions for deposition by written question [**Docs. ##36, 37, 38, 39**] are **DENIED** without prejudice.

The defendants' motion for emergency conference [**Doc. #33**] is **DENIED** as moot.

It is so ordered this 23rd day of June 2011, at Hartford, Connecticut.

                                          /s/AWT
                                     Alvin W. Thompson
                                United States District Judge