UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLARENCE PATTERSON,            :
        Plaintiff,             :
                               :           PRISONER
    v.                         :    CASE NO. 3:10-cv-1481(AWT)
                               :
DANIEL BANNISH, et al.,        :
        Defendants.            :

RULING ON PENDING MOTIONS

The plaintiff has filed a motion to compel discovery, a motion requesting that the defendant cooperate in discovery, a motion for reconsideration, and two amended motions to reopen claims against two doctors who were dismissed from this action.

I.  Motions to Reopen [Docs. ## 50, 52]

In these motions, filed on July 5, 2011, and July 11, 2011, the plaintiff again seeks reinstatement of his claims against Drs. Benoit and Litchenstein. The court dismissed these claims in the December 23, 2010 Initial Review Order and denied the plaintiff's April 2011 motion for reconsideration of the dismissal.

On August 1, 2011, a status conference was held in this case before a parajudicial officer. The plaintiff was offered the opportunity to reopen his case as to Drs. Benoit and Litchenstein and file an amended complaint with the understanding that the

defendants would be able to move to dismiss the amended complaint. The plaintiff declined. See Doc. #59.

Because the plaintiff declined to reopen the case as to Drs. Benoit and Litchenstein and file an amended complaint, the same relief requested in these motions, the motions are being denied as moot.

II. Motion for Reconsideration [Doc. #49]

The plaintiff seeks reconsideration of the portion of the court's June 23, 2011 ruling denying his prior motion for reconsideration. He states that the court issued its ruling before he was able to file his memorandum in support of the motion. The prior motion for reconsideration [Doc. #20] was filed on April 29, 2011. The court did not issue its ruling until June 23, 2011, nearly two months later. The plaintiff does not explain why he waited two months to attempt to file a memorandum in support of his motion and has not attached the memorandum as an exhibit to this motion for reconsideration.

As discussed above, after he filed his motion, the plaintiff declined to reopen the claims and file an amended complaint including his claims against Drs. Benoit and Litchenstein. The motion for reconsideration seeks reinstatement of Drs. Benoit and Litchenstein. As the plaintiff has declined to reopen the case and file an amended complaint, the motion for reconsideration is being denied as moot.

III. <u>Motions to Compel and Cooperate [Docs. ## 48, 53]</u>

The plaintiff has filed a motion to compel discovery and a motion asking the court to require the defendant to cooperate in discovery.

The plaintiff seeks to compel responses to his second set of interrogatories, dated April 20, 2011, and a sanction of $2,000.00. In response, counsel states that she has drafted responses to the interrogatories. On May 11, 2011, at a settlement conference with a parajudicial officer the defendant answered many of interrogatory questions. On May 26, 2011, counsel explained that the remaining responses had been drafted but could not be verified because the defendant was not available. She offered to send the plaintiff a draft of the responses but he did not respond to the offer. Instead, the plaintiff filed this motion to compel.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. <u>See</u> <u>Hanton v. Price</u>, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which

remain.  Counsel explained the delay and offered the plaintiff a compromise resolution.  The plaintiff did not respond to this overture.  The court concludes that the plaintiff has not complied with the local rule.  Accordingly, the motion to compel is being denied without prejudice.

The plaintiff also asks the court to order the defendant to cooperate in discovery by submitting his responses to the second set of interrogatories.  In response, the defendant states that the responses were served on the plaintiff on July 20, 2011.  In light of this representation, the plaintiff's motion is being denied as moot.

IV. Conclusion

The plaintiff's motions to reopen [**Docs. ## 50, 52**] and for reconsideration [**Doc. #49**] are hereby **DENIED** as moot.  The plaintiff's motion to compel [**Doc. #48**] is hereby **DENIED** without prejudice.  The plaintiff's motion seeking cooperation in discovery [**Doc. #53**] is hereby **DENIED** as moot.

It is so ordered.

Dated this 22nd day of August 2011, at Hartford, Connecticut.

                                      /s/AWT
                           Alvin W. Thompson
                    United States District Judge